[Civ. No. 48821. First Dist., Div. Four. Aug. 17, 1982.]

KENNE H-K CHANG, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,
Defendants and Respondents.

**COUNSEL**

Dale Minami, Kei-On Chan, Akira Togasaki, Minami, Tomine & Lew, Reed Sato and Loren Hu for Plaintiff and Appellant.

Donald L. Reidhaar, Milton H. Gordon and Glenn R. Woods for Defendants and Respondents.

**OPINION**

**CHRISTIAN, J.**—Kenne H-K Chang, formerly an assistant professor in the anthropology department of the University of California, Davis, appeals from a judgment on stipulated facts, determining that he had no due process right to a hearing on denial of academic tenure. The judgment also determined that respondents, Regents of the University of California and several academic and administrative officers of the university, were not estopped to withhold tenure.

The University of California is subject to "full powers of organization and government" exercised by the regents of the university. (Cal. Const., art. IX, § 9.) According to a stipulation filed in the trial court, which superseded showings made earlier on cross-motions for summary judgment, the regents have adopted a formal system according to which a person holding a nontenured academic appointment in the ranks of instructor or assistant professor may attain tenure in the rank of associate professor. Nontenured academics receive renewable term appointments which are subject to termination for cause. Decisions with respect to promotion and the granting of tenure are initiated by department chairmen; a recommendation to grant tenure is reviewed by a committee of the academic senate according to criteria issued by the president of the university. After further review by a broader committee of the academic senate, the chancellor decides to grant or deny tenure. If tenure is denied in the seventh year of service of the affected party, notification must be given of a terminal appointment of one year. Denial of tenure is subject to review, as to procedure only, by the privilege and tenure committee of the academic senate.

Appellant received in 1967 a teaching appointment as acting assistant professor in the anthropology department at the Davis campus of the university. He progressed normally in departmental status, receiving a fellowship in 1971 for meritorious work and each year a faculty research grant. Appellant published several scholarly works. After appellant received his doctorate from another university, he was regularly advanced in grade and received merit increases in pay.

When the time came to grant or deny tenure to appellant, the department of anthropology recommended tenure. The committee of the academic senate having jurisdiction of the matter recommended against tenure; the chancellor, adopting the committee recommendation, denied tenure and issued a terminal one-year appointment for the 1974-1975 year.

Appellant has sought from the chancellor a hearing on the denial of tenure and access to information on the tenure evaluation process. Those requests have been denied by the chancellor and by the regents. The Davis vice-chancellor did inform appellant by letter of the reason for denying tenure.

Appellant concedes that he was not treated as a probationary employee whose status was subject to termination before the expiration of his contract without a showing of good cause. His contract of employment was renewed from time to time and his final one-year contract was not terminated; it expired at the end of the agreed term. ■ Appellant contends that the whole pattern of conduct surrounding his status should be recognized as creating a property right in continued employment and that he had a due process right to a hearing before denial of tenure. In *Perry* v. *Sindermann* (1972) 408 U.S. 593 [33 L.Ed.2d 570, 92 S.Ct. 2694], the United States Supreme Court did hold that a teacher who had worked for ten years under one-year contracts in an institution which had no formal tenure system should not be precluded by summary judgment from attempting to show at trial that a property right (termed "de facto tenure") had arisen by virtue of a reasonable expectancy of continued employment. But in a companion case, *Board of Regents* v. *Roth* (1972) 408 U.S. 564 [33 L.Ed.2d 548, 92 S.Ct. 2701], the court held that a university faculty member serving without tenure in an institution functioning under a formal system of tenure "surely had an abstract concern in being rehired, but he did not have a *property* interest sufficient to require the University authorities to give him a hearing when they declined to renew his contract of employment." (408 U.S. at p. 578 [33 L.Ed.2d at p. 561].) Nothing in the due process clause of the California Constitution (art. I, § 7) suggests a contrary result.

Here, appellant undoubtedly hoped to receive tenure; but the regents have adopted a formal system of academic tenure. Those procedures were faithfully complied with in all the steps which led up to the decision of the chancellor to deny tenure. There was no due process right to a hearing.

Appellant's contention that the university is estopped to assert that he did not meet the criteria for tenure cannot be sustained. There was no indication in the stipulated facts that any representative of the university, actually or ostensibly authorized to make representations with respect to tenure, made such representations or that appellant changed his position in reliance on such representations. Thus there is no basis for the claimed estoppel. (See *California Sch. Employees Assn.* v. *Jefferson Elementary Sch. Dist.* (1975) 45 Cal.App.3d 683, 692 [119 Cal.Rptr. 668].)

On the stipulated facts it was proper to render judgment for respondents.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied September 8, 1982, and appellant's petition for a hearing by the Supreme Court was denied October 13, 1982. Newman, J., did not participate therein. Bird, C. J., was of the opinion that the petition should be granted.